UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREGORY J. FROHLICH, | Case No. 20-CV-2692 (PJS/HB) |
| Petitioner, | |
| v. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the Court on petitioner Gregory J. Frohlich's objection to the May 5, 2021 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends denying Frohlich's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Frohlich's objection, adopts the R&R in part, and dismisses Frohlich's petition.

Frohlich's petition (which was filed on December 30, 2020) argues that his continued confinement at FCI Sandstone violates his right to due process under the Fifth Amendment and his right to be free from cruel and unusual punishment under the Eighth Amendment on account of the facility's allegedly inadequate response to the COVID-19 pandemic. Judge Bowbeer concluded that the Court had jurisdiction over the petition but recommended rejecting the petition on the merits. The Court agrees

that the petition fails on the merits, but the Court respectfully disagrees with Judge Bowbeer's conclusion that the Court has jurisdiction over Frohlich's petition.[1]

Frohlich is using a § 2241 petition to challenge the conditions of his confinement at FCI Sandstone. The Eighth Circuit has held that a prisoner may not use a § 2241 petition to challenge his conditions of confinement. *See Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). As Judge Bowbeer recognized, however, the petitioners in *Spencer* and *Kruger* did not seek *release* from prison. *See Spencer*, 744 F.3d at 469 (noting Spencer did not "seek a remedy that would result in an earlier release from prison"); *Kruger*, 77 F.3d at 1074 ("Kruger does not make any colorable allegation that his underlying conviction is invalid or that he is otherwise being denied his freedom from unlawful incarceration."). Frohlich, by contrast, does seek release, arguing that his very confinement at FCI Sandstone is unconstitutional. Thus, *Spencer* and *Kruger* do not fully resolve the jurisdictional issue.

The federal courts have taken two approaches to this issue. The first approach, adopted by the Sixth Circuit in *Wilson v. Williams*, would allow Frohlich to pursue his claim through a § 2241 petition. 961 F.3d 829 (6th Cir. 2020). The Sixth Circuit reasoned

---

[1] In responding to Frohlich's petition, the government initially argued that this Court lacked jurisdiction, ECF No. 6 at 10–15, but then the government did not object to Judge Bowbeer's finding to the contrary. Nevertheless, this Court has an independent obligation to ensure that it has jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

that the remedy of release is "the heart of habeas corpus," *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973), so "where a petitioner claims that no set of conditions would be constitutionally sufficient the claim should be construed as challenging the fact or extent, rather than the conditions, of the confinement," *Wilson*, 961 F.3d at 838. A conditions-of-confinement petition that seeks release is therefore distinct from a traditional conditions-of-confinement claim, which "seek[s] relief in the form of improvement of prison conditions or transfer to another facility" and which is not cognizable under § 2241. *Id.* Because Frohlich argues that his confinement violates the Constitution and that the only way to remedy that constitutional violation is to release him, this approach would permit him to use a § 2241 petition to bring his claims.[2]

The second approach, adopted by the Fifth Circuit in *Rice v. Gonzalez*, would not find jurisdiction. 985 F.3d 1069 (5th Cir. 2021). According to the Fifth Circuit, even if a petitioner seeks release, an attack on the conditions of confinement does not "impugn the underlying legal basis for the fact or duration of his confinement," and therefore falls outside the scope of habeas jurisdiction. *Id.* at 1070. This approach reasons that someone in Frohlich's position is not actually challenging the "fact" of his confinement

---

[2]This approach has also been applied to petitions brought by immigration detainees. *See Angelica C. v. Immigr. & Customs Enf't*, No. 20-CV-0913 (NEB/ECW), 2020 WL 3441461, at *9–11 (D. Minn. June 5, 2020), *R&R adopted*, 2020 WL 3429945 (D. Minn. June 23, 2020); *Mohammed S. v. Tritten*, No. 20-CV-0783 (NEB/ECW), 2020 WL 2750109, at *2 (D. Minn. May 27, 2020); *Awshana v. Adducci*, 453 F. Supp. 3d. 1045, 1047–48 (E.D. Mich. 2020).

but is instead using linguistic gymnastics to bring a conditions-of-confinement claim in the guise of a § 2241 petition. *See Allie v. Hendrix*, No. 2:20-CV-00211-LPR-JTR, 2020 WL 7586556, at *2 n.3 (E.D. Ark. Nov. 10, 2020) (noting the Sixth Circuit's approach depends on whether the petition seeks release, and observing that "[r]esting the exercise of federal subject matter jurisdiction on such a slender legal reed seems questionable").[3]

Having read the relatively scant judicial authority, this Court is inclined to agree that a § 2241 petition can be used to pursue a claim that the United States government cannot constitutionally confine the petitioner *at all*—that is, in any facility, under any conditions. Someone who files such a petition is claiming that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and logically the only way that such a legal wrong can be remedied is by releasing the petitioner from *any* custody. But this would be a rare claim in the context of a challenge to conditions of confinement at a federal facility, because conditions of confinement at any particular facility can usually be changed—and, if they cannot be changed, the petitioner can usually be transferred to a different facility.

Moreover, whether a § 2241 petition can be used to challenge a petitioner's confinement in light of the conditions of his confinement must depend on the substance,

---

[3]*See also Frazier v. Graves*, No. 4:20-cv-00434-KGB, 2021 WL 1236990, at *15–17 (E.D. Ark. Mar. 31, 2021); *Malcom v. Starr*, No. 20-CV-2503 (MJD/LIB), 2021 WL 931213, at *3 (D. Minn. Mar. 11, 2021); *Hallinan v. Scarantino*, 466 F. Supp. 3d 587, 601–04 (E.D.N.C. 2020); *Wragg v. Ortiz*, 462 F. Supp. 3d 476, 503–05 (D.N.J. 2020).

and not merely the form, of the claim asserted by the petitioner. Otherwise, any prisoner seeking to challenge the conditions of his confinement could simply file a § 2241 petition and add a request for release and in that way evade the strictures of the Prison Litigation Reform Act ("PLRA"). *See* 18 U.S.C. § 3626(g)(2). A court must therefore examine a § 2241 petition carefully to make certain that the petitioner is in fact claiming that the United States government cannot lawfully confine him at *any* facility, and thus that he must be released from confinement altogether.

In this case, Frohlich has not made such a claim. Frohlich's petition asserts that his "very confinement *at Sandstone FCI* is unconstitutional." ECF No. 1 at 1 (emphasis added). His petition focuses entirely on the conditions at *FCI Sandstone*, and in particular on the fact that "staff continually refuse to provide Mr. Frohlich a single cell he can social distance the needed 6 feet in." *Id.* at 2. As a result of FCI Sandstone's insistence that prisoners share cells, Frohlich alleges, "FCI Sandstone has become a 'hot bed' for COVID-19." *Id.* Frohlich's petition does not even mention the conditions at any other federal facility.

Clearly, then, Frohlich is not claiming that it is impossible for the United States government to constitutionally confine him *anywhere*. He is instead complaining of the present conditions at his present place of confinement. The alleged legal wrongs of which he complains can obviously be remedied by measures short of releasing

him—such as by changing the conditions (e.g., providing a single cell) or by changing the place of confinement (e.g., transferring him to a different federal prison). In sum, Frohlich's claim is in substance an ordinary conditions-of-confinement claim, and the Eighth Circuit holds that such claims cannot be brought in a § 2241 petition. *See Spencer*, 774 F.3d at 470; *Kruger*, 77 F.3d at 1073. Frohlich's petition is therefore dismissed without prejudice for lack of jurisdiction.[4]

Even if the Court did have jurisdiction over Frohlich's petition, the Court would agree with Judge Bowbeer that the petition must be rejected on the merits. *See Hallinan v. Scarantino*, 466 F. Supp. 3d 587, 602 n.3 (E.D.N.C. 2020) (addressing merits of pandemic § 2241 petition despite concluding that jurisdiction is lacking, because the jurisdiction issue is "unsettled").

As to the Eighth Amendment: Judge Bowbeer first found that Frohlich failed to satisfy the objective prong of the Eighth Amendment inquiry because he has no serious medical need. Frohlich responds that he need not show that he has an objectively serious medical need, because the mere *risk* of exposure to a deadly disease such as COVID-19 satisfies the objective prong. Frohlich is correct that he could satisfy the objective prong by showing "a substantial risk to [his] health or safety." *Nelson v. Corr.*

---

[4]To challenge his conditions of confinement, Frohlich must "bring a civil rights complaint, which will be governed by the PLRA." *Malcom v. Starr*, No. 20-CV-2503 (MJD/LIB), 2021 WL 931213, at *3 (D. Minn. Mar. 11, 2021); *see also* 18 U.S.C. § 3626.

*Med. Servs.*, 583 F.3d 522, 529 (8th Cir. 2009); *see also Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (noting conditions of confinement must pose "'a substantial risk of serious harm'" to satisfy the objective prong (citation omitted)). But Frohlich has not done so.

Frohlich has received both doses of the Moderna vaccine, Drummy Decl. Ex. A, and all available evidence indicates that the Moderna vaccine is highly effective, *see United States v. Williams*, No. 16-CR-0251 (DWF/KMM), 2021 WL 1087692, at *4 (D. Minn. Mar. 22, 2021). Moreover, Frohlich has already fully recovered from COVID-19, Kensy Decl. ¶ 23; ECF No. 12 at 5, which likely provides him with some degree of natural immunity, *see United States v. Giles*, No. 14-CR-0378(1) (ADM/LIB), 2021 WL 1737755, at *3 (D. Minn. May 3, 2021). Finally, at present there is not a single active COVID-19 infection among the inmates or staff at FCI Sandstone.[5] In short, Frohlich is a fully vaccinated inmate at a facility that is entirely free of COVID-19. The disease does not pose a "substantial risk" to his health, and he cannot satisfy the objective prong.

Frohlich also cannot satisfy the subjective prong by proving that officials at FCI Sandstone acted with deliberate indifference to his health or safety. "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007). Judge Bowbeer concluded that confining Frohlich to a 9-by-12-foot cell with a cellmate is not

---

[5]Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited June 21, 2021).

deliberately indifferent. Frohlich objects to this conclusion, but the Court agrees with Judge Bowbeer. *See Smith v. Jeffreys*, No. 20-1421-MMM, 2021 WL 918057, at *2 (C.D. Ill. Mar. 10, 2021) (rejecting Eighth Amendment claim based on failure to socially distance in prison); *Williams v. Nevada*, No. 3:20-cv-00223, 2020 WL 1876220, at *4 (D. Nev. Apr. 15, 2020) (rejecting Eighth Amendment claim based on inmate's inability to socially distance when inmate had not shown that "Defendant knew of these conditions, had the authority, ability, and resources to change these conditions without endangering other prisoners at similar risk, but nevertheless unreasonably chose not to change these conditions").

Frohlich also notes that many inmates at FCI Sandstone contracted COVID-19, and one inmate passed away, which he says proves the unreasonableness of FCI Sandstone's response. But the law does not require perfection; the law merely requires that FCI Sandstone act reasonably under the circumstances. A response to a substantial risk of harm may be reasonable "even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). The mere fact that COVID-19 spread at FCI Sandstone does not mean that the facility was deliberately indifferent. *See Smith*, 2021 WL 918057, at *2 ("Allegations that the prison Warden has been unable to contain the transmission of the virus, without more, does not plead deliberate indifference."); *Coates v. Arndt*, No. 20-C-1344, 2020 WL 6801884, at *2 (E.D. Wis. Nov. 18, 2020) ("The plain

fact is that the country is experiencing a pandemic and cases of COVID-19 are breaking out in prisons . . . . This does not mean that the correctional officers in charge of those prisons are subjecting inmates to cruel and unusual punishment.").

In short, Frohlich can satisfy neither the objective prong nor the subjective prong of the Eighth Amendment inquiry, and thus his claim fails. *See United States v. Mount*, No. 16-CR-0237 (SRN/BRT), 2020 WL 3998888, at *5 (D. Minn. July 15, 2020) (rejecting Eighth Amendment claim when there was no evidence the inmate was at a greater risk of serious illness and no evidence that FCI Sandstone could not "effectively monitor or treat him" if he contracted COVID-19).

As to due process: Frohlich's due-process claim closely resembles his Eighth Amendment claim. He argues, in essence, that he has a right under the Due Process Clause not to have his life put at risk by being confined at a facility that is unable or unwilling to protect him from a deadly virus.[6] As this Court has already explained, however, Frohlich's premises are clearly incorrect. He is a fully vaccinated prisoner incarcerated at a facility that does not have a single active COVID-19 infection. It is

---

[6]In support of his due-process claim, Frohlich cites *Mohammad S. v. Tritten*, No. 20-CV-0793 (NEB/ECW), 2020 WL 2488088 (D. Minn. May 14, 2020), *amended & superseded by* 2020 WL 2750109 (D. Minn. May 27, 2020), and *Awshana v. Adducci*, 453 F. Supp. 3d 1045 (E.D. Mich. 2020). In these cases, a district court found that it had jurisdiction to hear a § 2241 petition from civil detainees seeking release due to allegedly unconstitutional conditions of confinement. But the question of whether this Court has the *authority* to release Frohlich under § 2241 is distinct from the question of whether this Court should *exercise* that authority and release Frohlich.

simply not true, as Frohlich claims, that he "now faces a 'DEATH SENTENCE' every day of his life." ECF No. 26 at 8.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner Gregory Frohlich's objection [ECF No. 26] and ADOPTS IN PART the May 5, 2021 R&R [ECF Nos. 21, 22]. IT IS HEREBY ORDERED THAT Frohlich's petition for a writ of habeas corpus [ECF No. 1] is DISMISSED WITHOUT PREJUDICE. Frohlich's request for a temporary restraining order is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 21, 2021       s/Patrick J. Schiltz
                           Patrick J. Schiltz
                           United States District Judge